*In re* FRED H. MARTÍNEZ, LAWRENCE ODELL y ANTONIO J. COLORADO, querellados.

*Número:* AB-98-46       *Resuelto:* 1ro de diciembre de 1999

*Carlos Lugo Fiol, Procurador General,* y *Edda Serrano Blasini, Subprocuradora General,* abogados de El Pueblo de Puerto Rico; *Antonio J. Colorado, pro se.*

PER CURIAM:

## I

Mediante *per curiam* de 12 de abril de 1999 (*In re Martínez, Odell I,* 148 D.P.R. 49 (1999)), censuramos a los abogados Fred H. Martínez y Lawrence Odell por suscribir bajo juramento, en escritura pública, hechos cuya falsedad conocían. En reconsideración expusieron, entre otros argumentos, que el quejoso licenciado Sierra, Jr., selectiva y antiéticamente excluyó de su queja al Lcdo. Antonio J. Colorado, aun cuando éste incurrió en la misma conducta. Calificaron como sorprendente que no lo censuráramos también.

El licenciado Colorado intervino como *amicus curiae* en el trámite de esa reconsideración. Negó que al suscribir la escritura pública en 1981 mediara intención de mentir o engañar.[1] Insistió que la incompatibilidad con la verdad fue una inadvertencia o error, y calificó de injusta nuestra decisión.

El 25 de junio, al denegar la reconsideración, sostuvimos la censura y aclaramos que la consideración de la queja disciplinaria, base de nuestra decisión *per curiam*, no había finalizado y que el licenciado Colorado respondería en su momento. Ese mismo día, mediante resolución le

---

[1] En unión a los licenciados Martínez y Odell, suscribió la referida escritura con el objetivo de crear el fideicomiso del plan de pensiones para beneficio de los miembros y asociados del entonces bufete de abogados Martínez, Odell, Calabria & Sierra. La escritura hizo referencia a una resolución de la sociedad de abogados, (*Certificate of Partnership Action*), fechada el 9 de marzo de 1981, en la cual se afirmó que los licenciados Martínez y Odell, junto al licenciado Colorado, *eran los únicos socios del bufete, cuando en realidad había otros.* Esa certificación, usada por el notario como fundamento de la autoridad de los otorgantes de la escritura pública, se incorporó a ésta.

concedimos al licenciado Colorado treinta (30) días para que compareciera y expusiera razones por las cuales no debía imponérsele igual sanción disciplinaria.

El 9 de agosto compareció y alegó no procedía disciplinarlo. En síntesis, expuso que el Procurador General no recomendó que se le sancionara y nuestro requerimiento para que se expresara le privó totalmente de las salvaguardas procesales y sustantivas que provee la Regla 14 de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A. Finalmente, adujo que aunque el lenguaje utilizado en la escritura pudo ser más preciso, ello no implicó una estratagema deliberada ni intención de afectar intereses propietarios del licenciado Sierra, Jr.

## II

■ De entrada carece de mérito su contención de que estamos impedidos de ejercitar nuestra facultad disciplinaria, porque el Procurador General no recomendó imposición de sanción alguna en su contra.

■ *Primero*, nuestro cuerpo jurisprudencial y reglamentario reconoce esa facultad, incluso *sua sponte*. La omisión del Procurador General pudo responder a diversas razones; entre ellas, que el licenciado Sierra, Jr., por razones desconocidas, lo excluyó de su queja original. *Segundo*, la recomendación que hace el Procurador General no limita nuestra facultad disciplinaria si encontramos, contrario a su criterio, que el abogado incurrió en conducta antiética.

■ Aclarado este extremo, tampoco convence su argumento de que le privamos de salvaguardas procesales y resulta tarde concedérselas en esta etapa. La propia Regla 14 del Reglamento del Tribunal Supremo, *supra*, invocada dispone que cuando de la propia contestación surjan hechos que lo justifique, podemos imponer las sanciones correspondientes *sin necesidad de trámite ulterior.*

El asunto no es extraño para el licenciado Colorado.

Participó antes en el trámite de reconsideración como *amicus curiae* y expuso sus argumentos en contra de que se disciplináramos a los licenciados Martínez y Odell. *Además, le concedimos términos y así lo hizo.* No cabe argumentar que fue privado de salvaguarda procesal o sustantiva alguna.

Al respecto, el licenciado Colorado nos reproduce esencialmente los mismos argumentos que expuso en su intervención como *amicus curiae*,[2] a los efectos de que su actuación y, la de los licenciados Martínez y Odell, no fue intencional; simplemente una inofensiva omisión o falta de precisión. *No niega los hechos ni su participación.*

■ Evaluada una vez más toda la prueba, reiteramos que la aseveración de que eran los únicos socios del bufete, por su importancia (fue incorporada en la escritura), no debió pasar por desapercibida en la otorgación de dicho instrumento. Reafirmamos, además, que la falta de intención o daño a tercero no es una excusa válida debido a la trascendencia y fe pública que genera el otorgamiento de instrumentos públicos.

Los diferentes escritos y argumentos reflejan diáfanamente que el licenciado Colorado incurrió en la misma conducta que catalogamos contraria al Canon 35 del Código Profesional, 4 L.P.R.A. Ap. IX. Por esa conducta, el licenciado Colorado merece igual sanción disciplinaria: *nuestra más enérgica censura.*

*Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Rebollo López disintió; al igual que en el citado caso de *In re Martínez, Odell I*, 148 D.P.R. 49 (1999), entiende que los hechos que sirvieron de base a la queja radicada *no ameritan la imposición de sanción disciplinaria alguna contra los abogados.* El Juez Asociado

---

[2] Su intervención, junto a otras comparecencias en el trámite de reconsideración, no nos convenció de dejar sin efecto la sanción impuesta a los licenciados Martínez y Odell.

Señor Corrada Del Río archivaría la queja con una amonestación. El Juez Asociado Señor Fuster Berlingeri no intervino.